UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TREVOR KING,

      Plaintiff,

v.

MARKEL AMERICAN
INSURANCE COMPANY,

      Defendant.
_____/

Case No. 2:25-cv-115-KCD-DNF

## ORDER

Before the Court is Defendant Markel American Insurance Company's Motion for Judgment on the Pleadings. (Doc. 28.)[1] Plaintiff Trevor King has responded in opposition (Doc. 29), and Markel has filed a reply (Doc. 32). For the reasons below, the motion is **DENIED WITHOUT PREJUDICE**.

## I. Background

This lawsuit stems from a marine insurance policy issued by Markel for King's boat. (Doc. 4 at 2.) The declarations page lists the coverages available. They include "Protection and Indemnity," "Uninsured Watercraft," "Medical Payments," "Oil Pollution Liability," and "Longshore and Harbor Workers' Compensation." (*Id.* at 16-20.) Absent from the declarations page is "Physical

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Damage" coverage, the terms of which are detailed in a subsequent section. (*Id.* at 10). Essentially, the policy treats physical damage as "Hull Coverage," defined as Markel's payment obligation for "sudden accidental direct physical loss or damage to the insured yacht." (*Id.* at 16.) Also, as relevant here, the policy contains a "Windstorm Haulout" endorsement that requires King's boat to be on land when a windstorm warning is issued. (*Id.* at 28.)

King's boat sank during a storm. (Doc. 4 ¶ 8.) Markel refused to provide coverage, and this lawsuit followed. The parties have competing claims. King alleges that Markel breached the policy by failing to pay for the physical damage to his boat (Count I) and requests that the Court declare his policy covers physical damage (Count II). (*Id.* at 3-4.) Markel is asking the Court to declare that the policy does not cover physical damage (Counterclaim I) and that King breached the agreement by not removing his boat from the water during a tropical storm warning (Counterclaim II). (Doc. 6 at 7-11.)

Markel now moves for judgment on the pleadings. (Doc. 28.) It argues that "coverage is simply not available" when it is "not shown on the declarations page" of an insurance agreement. (*Id.*) Thus, it has no obligation to pay for the physical damage claimed here. (*Id.*) In response, King alleges all sorts of vague facts (not included in his complaint) that purport to show the policy is ambiguous. (Doc. 29.) He also argues that if his claims fail as pled, he

2

may be successful on two alternative theories: "equitable estoppel" and "reasonable expectations." (*Id.* at 3.)

## II. Legal Standard

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998); *see* Fed. R. Civ. P. 12(c). "All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

## III. Discussion

King does not dispute that his policy with Markel, on its face, excludes physical damage. (Doc. 29 at 1.) To avoid the obvious result of that concession, King argues that the policy is ambiguous. (*Id.* at 2.) He further claims that physical damage "coverage was expected based on the parties' course of dealing, premium structure, policy endorsements and representations made during the policy's procurement and conduct of the parties." (*Id.* at 1.)

"Under federal maritime law, contract interpretation begins with the plain meaning of the contract terms." *Baer v. Silversea Cruises Ltd.*, 752 F. App'x 861, 866 (11th Cir. 2018). If no ambiguity exists, the court will determine the rights and obligations of the parties based strictly on the text. *Id.* If a term

3

is unclear, the court may use outside evidence to clarify language that could reasonably have more than one meaning. *Downs v. U.S. Army Corps of Eng'rs*, 333 F. App'x 403, 411 (11th Cir. 2009) ("A contract term must be ambiguous on its face before a court can resort to parol evidence to define that term."); *Davis v. Valsamis, Inc.*, 752 F. App'x 688, 692 (11th Cir. 2018) (finding a maritime contract provision facially ambiguous because it is susceptible to two or more reasonable interpretations). But outside evidence cannot be used to change, contradict, or create ambiguity in terms that are already unambiguous. *Downs*, 333 F. App'x at 411 ("[P]arol evidence is admissible only to prove the meaning of ambiguities in the contract and it must not contradict, vary, defeat, or modify a complete and unambiguous written instrument, or to change, add to, or subtract from it, or affect its construction.").

King has not explained how the insurance policy is ambiguous. Nor how that ambiguity should be interpreted to provide physical damage coverage. Nevertheless, King claims (for the first time) that he was "led to believe coverage included hull protection." (Doc. 29 at 1.) Given these allegations, the Court finds it appropriate to allow King an opportunity to amend his complaint to add the facts he believes create coverage, despite the policy's plain language . *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) ("This Circuit expresses a strong preference that cases be heard on the merits[,] and strives to afford a litigant his or her day in court, if possible.").

4

Two quick notes. First, the Court is granting leave for King to amend his complaint to clarify the material facts supporting his theory that the contract is ambiguous. So if King believes that the policy structure, premium payments, prior course of conduct, and representations led him to believe that physical damage was covered, then the Court needs to know, for example, what the premium payments were, what prior course of conduct is at issue, and the surrounding circumstances that misled him. While King does not need to prove the facts he alleges at this stage, he needs to plead enough "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023); *see also* Fed. R. Civ. P. 11(b)(3) ("By presenting to the Court a pleading … [plaintiff's counsel] certifies that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

Second, the Court rejects King's contention that discovery is needed "to determine whether ambiguity exists." (Doc. 29 ¶ 10.) Discovery is not a way to find a claim. "[T]he Federal Rules of Civil Procedure require a plaintiff to be able to state a claim based on facts known before discovery." *Ocean Reef Charters, LLC*, No. 23-CV-81222-BER, 2024 WL 4453730, at *4 (S.D. Fla. Oct.

9, 2024). What's more, King, as a party to the policy, should already know the facts that led him to expect that the agreement covers physical damage to his boat.

For these reasons, it is now **ORDERED**:

1. King is directed to file an amended complaint within fourteen days of this order.

2. Markel's Motion for Judgment on the Pleadings (Doc. 28) is **DENIED WITHOUT PREJUDICE**. Markel can refile its motion should the amended complaint remain deficient.

**ENTERED** in Fort Myers, Florida on November 5, 2025.

Kyle C. Dudek
United States District Judge